PHILLIP A. TALBERT
Acting United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>PEDRO ALEGRA. JR.,<br>EDGARDO ROSALES-ANDRADE,<br><br>                              Defendants. | CASE NO.  1:19-CR-00259-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 21, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for a status conference on April 21, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel, hereby stipulate as follows:

1.    By previous order, this matter was set for status on April 21, 2021.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1      2.    By this stipulation, defendants now move to continue the status conference until August

2  4, 2021, and to exclude time between April 21, 2021, and August 4, 2021, under 18 U.S.C.

3  §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

4      3.    The parties agree and stipulate, and request that the Court find the following:

5      a)    The government has represented that the discovery associated with this case

6  includes investigative reports and related documents in electronic form, videos, photographs, and

7  digital evidence.  The government provided discovery and supplemental discovery.  The

8  government also recently provided additional supplemental discovery.

9      b)    Counsel for defendants desire additional time to review discovery, consult with

10  their clients, and discuss potential resolutions with their clients.

11      c)    Counsel for defendants believe that failure to grant the above-requested

12  continuance would deny them the reasonable time necessary for effective preparation, taking into

13  account the exercise of due diligence.

14      d)    The government does not object to the continuance.

15      e)    Based on the above-stated findings, the ends of justice served by continuing the

16  case as requested outweigh the interest of the public and the defendants in a trial within the

17  original date prescribed by the Speedy Trial Act.

18      f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

19  et seq., within which trial must commence, the time period of April 21, 2021 to August 4, 2021,

20  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv) because it

21  results from a continuance granted by the Court at defendant's request on the basis of the Court's

22  finding that the ends of justice served by taking such action outweigh the best interest of the

23  public and the defendants in a speedy trial.

24      4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

25  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

26  must commence.

27

28

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT    3

1    IT IS SO STIPULATED.

2

3

4    Dated:  April 14, 2021                              PHILLIP A. TALBERT
                                                         Acting United States Attorney

5

                                                         /s/ *Antonio J. Pataca*
6                                                        ANTONIO J. PATACA
                                                         Assistant United States Attorney

7

8

9    Dated:  April 14, 2021                              /s/ *Monica Bermudez*
                                                         MONICA BERMUDEZ
                                                         Counsel for Defendant
10                                                       Pedro Alegra, Jr.

11

12   Dated:  April 14, 2021                              /s/ *David Torres*
                                                         DAVID TORRES
13                                                       Counsel for Defendant
                                                         Edgardo Rosales-Andrade

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                      4
PERIODS UNDER SPEEDY TRIAL ACT

**ORDER**

IT IS ORDERED that the hearing set for April 21, 2021, at 1 pm is continued until

August 4, 2021, for a status conference.

IT IS FURTHER ORDERED THAT the period of time from April 21, 2021, through August 4,

2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)

because it results from a continuance granted by the Court at defendants' request on the basis of

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the

public and the defendant in a speedy trial.


IT IS SO ORDERED.


Dated:   **April 16, 2021**                          /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5