PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PEDRO ALEGRA. JR.,<br>EDGARDO ROSALES-ANDRADE,<br><br>Defendants. | CASE NO. 1:19-CR-00259-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: June 1, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for status on June 1, 2022. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

1  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
2  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
3  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
4  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
5  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
6  or in writing").

7  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
8  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-
9  justice continuances are excludable only if "the judge granted such continuance on the basis of his
10 findings that the ends of justice served by taking such action outweigh the best interest of the public and
11 the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable
12 unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
13 the ends of justice served by the granting of such continuance outweigh the best interests of the public
14 and the defendant in a speedy trial."  *Id.*

15 The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
16 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
17 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
18 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
19 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
20 recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see
21 also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time
22 following the September 11, 2001 terrorist attacks and the resultant public emergency).

23 The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt
24 proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-
25 exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act
26 continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL
27 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is
28 detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel, hereby stipulate as follows:

1. By previous order, this matter was set for status on June 1, 2022.

2. By this stipulation, defendants now move to continue the status conference until September 7, 2022, and to exclude time between June 1, 2022, and September 7, 2022, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, videos, photographs, and digital evidence.  The government provided discovery and supplemental discovery.  The government has also extended offers to plead guilty.

    b) Counsel for defendants desire additional time to review discovery, consult with their clients, and discuss potential resolutions with their clients.

    c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 1, 2022 to September 7, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 19, 2022                    PHILLIP A. TALBERT
                                       United States Attorney

                                       /s/ *Antonio J. Pataca*
                                       ANTONIO J. PATACA
                                       Assistant United States Attorney


Dated: May 19, 2022                    /s/ *Monica Bermudez*
                                       MONICA BERMUDEZ
                                       Counsel for Defendant
                                       Pedro Alegra, Jr.


Dated: May 19, 2022                    /s/ *David Torres*
                                       DAVID TORRES
                                       Counsel for Defendant
                                       Edgardo Rosales-Andrade

**ORDER**

The parties shall be prepared to select a mutually agreeable trial date at the next status conference.

IT IS SO ORDERED.

DATED: 5/23/2022

*Sheila K. Oberto*
THE HONORABLE SHEILA K. OBERTO
UNITED STATES DISTRICT JUDGE